## TESTERMENT *v.* PERKINS.

T. filed his bill against the heirs of P. for land which was entered in the name of P. about two years before his death, but there was no evidence that T. furnished the purchase money, no written memorandum of the trust, no effort made by T., during the life of P., to obtain a deed, no objection made to P.'s converting much of the best timber to his own use, nor to his occupation and exclusive control of the premises; but there was doubtful evidence that P. declared, some time before his death, that the land was to be divided between him and T.; held that the circumstances do not create a trust, nor show equity in T.

IN EQUITY. *Appeal from Wapello District Court.*

*Opinion by* GREENE, J. Jesse Testerment filed his bill against William W. and Elizabeth E. Perkins, and Sarah Perkins, heirs at law of C. L. Perkins, deceased. Complainant charges that he had improvements and a claim upon lot 1, in sec. 35, T. 71, N. of R. 12 west; that his claim included eighteen acres of the north end of said lot, and that C. L. Perkins claimed the remaining portion; that by agreement complainant furnished to Perkins his portion of the purchase money for said land, and that said Perkins thereupon purchased the whole of said lot in his own name, at the Desmoines river Land Office, with the understanding that he should deed to complainant the portion of said lot which was included in his claim; that the agreement was by parole, and that no memorandum of it had been reduced to writing; that the lot was entered November 27th, 1848, and that said Perkins died in March, 1850, without conveying to complainant the eighteen acres claimed by him. Bill prays for a decree that the heirs of said Perkins deed to complainant the land in question. The facts stated in the bill are not sworn to, but all of them which tend to show a trust in said C. L. Perkins, are expressly denied by the answer of his widow, Sarah Perkins, and by the answer of Ervin A. Wilson, as administrator of the estate, and as

14

guardian *ad litam* of the infant heirs. These answers were made under oath, and that of Sarah Perkins appears to have been made with a full understanding of the circumstances under which the land was claimed and purchased by her husband.

The averments of the bill are only supported by evidence of declarations made by C. L. Perkins, some time before his death, to the effect that the lot in question was to be divided between him and complainant, who was to have about eighteen acres from the northern portion. But the testimony in relation to these declarations does not come before us in a very reliable form, and is mostly overcome by other evidence. Mere declarations made under circumstances which would not be likely to secure the attention of the person hearing them, and upon a subject about which he might be mistaken, should be received with much allowance. In the present case, the answers and depositions convince us that the principal witness, in behalf of complainant, must have been mistaken in the statements made to him by C. L. Perkins. The answer of Mrs. Perkins, showing that her husband had improvements on a portion of the eighteen acres in question, and the depositions of witnesses showing that Perkins had repeatedly cut logs and taken them away from said land, in the presence and without any objection from complainant, are not consistent with the testimony in relation to those declarations. If Perkins did not have the exclusive right to the property, and if complainant had any interest in it, the latter would be very likely to assert his rights and object to the depredations of the former, while in possession of the improvements and in the act of cutting and conveying away much of the best timber. If complainant had advanced the entrance money for the eighteen acres, and was entitled to a deed from Perkins, it is not likely that he would entirely fail in effort to obtain the title, from the time the land was entered, up to the death of Perkins. But, there appears to have been no

such effort made, no receipt given for the money, no objection made when the timber was carried off, and Perkins was permitted to enjoy the exclusive benefit of the premises from the time the land was entered up to the period of his death. These circumstances seriously militate against the efforts made by complainant to assert a right to the premises. Besides, one of the depositions sufficiently shows that Perkins did not enter the lot in question, with any portion of complainant's money, but with money that he obtained from B. C. Firman.

Upon a careful examination of the bill, answer, and depositions, we cannot resist the conclusion that the equity of the case is with the defendants, and that the court below was fully authorized in dismissing the bill.

Decree affirmed.

*H. B. Hendershott* and *Geo. May*, for appellant.

*Geo. G. Wright*, for appellee.